IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:26-cr-110 (AMN) |
| | ) | |
| **v.** | ) | **Plea Agreement** |
| | ) | |
| **CONNER BUSKEY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Northern District of New York, and defendant **Conner Buskey** (hereinafter "the defendant"), by and through the defendant's counsel of record, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure:

1)    **The Defendant's Obligations:**

   a) **Guilty Plea:** The defendant will waive indictment and plead guilty to Counts 1 and 2 of the information in Case No. 1:26-CR-110 (AMN) charging receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

   b) **Special Assessment:** The defendant will pay an assessment of $100 per count of conviction pursuant to 18 U.S.C. § 3013. The defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to the U.S. District Court, at the time of sentencing.

   c) **Compliance with Other Terms of Agreement:** The defendant will comply in a timely manner with all of the terms of this plea agreement.

   d) **Restitution:**

1. The minors depicted in the images and videos involved in the defendant's criminal activity, along with any and all relevant conduct, are victims of his offenses, whether or not those minors are named in the information or identified in the factual basis of the defendant's guilty plea. The defendant therefore consents to an order pursuant to 18 U.S.C. §§ 2259(a) and (b)(2) and 3663(a)(1)(A) and (a)(3) directing him to pay restitution to those victims. The Court shall determine the full amount of the victims' losses that were incurred or are reasonably projected to be incurred by the victims as a result of the trafficking in child pornography depicting the victims, and order restitution in an amount as agreed to by the parties or determined by the Court that reflects the defendant's relative role in the causal process that underlies the victims losses, but which is no less than $3,000 per victim. 18 U.S.C. § 2259 (b)(2)(A) and (B).

   The "full amount of the victims' losses" includes any costs incurred, or that are reasonably projected to be incurred in the future, by the victims, as a proximate result of the offenses involving the victims, including: medical services relating to physical, psychiatric, or psychological care; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; reasonable attorneys' fees, as well as other costs incurred; and any other relevant losses incurred by the victims. 18 U.S.C. § 2259(c)(2)(A)-(F).

2. The defendant agrees that the judgment shall order restitution to be due and payable immediately subject to any payment terms set forth by the Court at sentencing and that the Clerk of the Court may release funds to a victim or victims without undue delay upon receipt of restitution payments from the defendant.

3. The defendant understands that restitution will be enforced pursuant to 18 U.S.C. § 3572, 18 U.S.C. § 3613, and 18 U.S.C. § 3664(m), that restitution is in addition to any other civil or criminal penalty authorized by law, and that forfeiture and restitution are separate and distinct financial obligations that must be imposed upon a criminal defendant.

e) **Child Pornography Assessment.** Pursuant to 18 U.S.C. § 2259A(a), in addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess not more than $35,000 on Count 1 for the defendant's conviction for trafficking in child pornography (as defined in 18 U.S.C. § 2259(c)(3)), and not more than $17,000 on Count 2 for the defendant's conviction for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)).

In determining the amount of the assessment, the court shall consider the factors set forth in 18 U.S.C. §§ 3553(a) and 3572, and imposition of such assessment does not relieve a defendant of or entitle a defendant to reduce the amount of any other penalty by the amount of the assessment. 18 U.S.C. §§ 2259A(c), (d).

f) **Forfeiture:** Pursuant to 18 U.S.C. § 2253(a)(3), the defendant will consent to entry of an order directing forfeiture to the United States of the property described in the Forfeiture Allegation in the information, as more fully set out below:

1. A Galaxy A03s cellular telephone, model SM-S135DL, IMEI 350963860530356, factory number R9WX10JYV5D, 20240128, NULL.

g) **The Defendant's Obligations Regarding Assets and Financial Investigation:**

1. The defendant agrees to fully participate in the United States' pre- and post-judgment financial investigation. Such participation includes the identification of assets in

which the defendant has any legal or equitable interest to determine what assets may be available for payment of restitution, forfeiture, or any fine imposed in this case. The defendant agrees that the defendant's financial information is subject to investigation and disclosure pre-judgment to the same extent as financial information will be subject to discovery after judgment is imposed.

2. The defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information provided by the defendant to the U.S. Probation Office, including those provided as a part of the Presentence Investigation.

3. The defendant acknowledges that he understands and agrees to the provision set forth in subsection I, below, regarding the determination of his financial condition and ability to pay restitution, fines, and other monetary penalties assessed by the Court.

2) **The Government's Obligations:**

a) **Non-prosecution for other offenses:** For so long as the defendant's guilty plea and the sentence remain in effect, the government will not seek other federal criminal charges against the defendant based on conduct described in the information in Case No. 1:26-CR-    (    ) or in the paragraph of this agreement entitled "Factual Basis for Guilty Plea," occurring before the date on which the defendant signs this agreement.  This agreement does not prevent the government from seeking charges based on other conduct.

b) **Compliance with Other Terms of Agreement:** The government will comply in a timely manner with all of the terms of this plea agreement.

3)     **<u>Potential Maximum Penalties:</u>** The defendant understands that the Court can impose the following maximum penalties for the offense to which the defendant agrees to plead guilty and may be required to impose mandatory minimum terms of imprisonment, all as set out below:

a) **Count 1, Receipt of Child Pornography**

1. **Maximum term of imprisonment:** 20 years, pursuant to 18 U.S.C. § 2252A(b)(1).

2. **Mandatory minimum term of imprisonment:** 5 years, pursuant to 18 U.S.C. § 2252A(b)(1).

b) **Count 2, Possession of Child Pornography**

1. **Maximum term of imprisonment:** 20 years, pursuant to 18 U.S.C. § 2252A(b)(2).

2. **Mandatory minimum term of imprisonment:** None.

c) **Both counts**

1. **Maximum fine:** $250,000, pursuant to 18 U.S.C. § 3571(b).

2. **Supervised release term:** In addition to imposing any other penalty, the sentencing court must require the defendant to serve a term of supervised release between 5 years and life, to begin after imprisonment. *See* 18 U.S.C. § 3583(k). A violation of the conditions of supervised release during that time period may result in the defendant being sentenced to an additional term of imprisonment.

3. **Required Registration for Sex Offenders:** Under the Sex Offender Registration and Notification Act, the defendant, as a result of the conviction in this case, must register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student. For initial registration purposes, the defendant also must register in New York as a result of this conviction, even if the defendant resides in a different

jurisdiction.  A sex offender who knowingly fails to register or update a required registration may be subject to prosecution under 18 U.S.C. § 2250 and face a penalty of up to ten years imprisonment.

4. **Other adverse consequences:**  Other adverse consequences may result from the defendant's guilty plea as further described in paragraph F below.

4)    **Elements of Offenses:**  The defendant understands that the following are the elements of the offenses to which the defendant agrees to plead guilty. The defendant admits that the defendant's conduct satisfies each and every one of the elements below, which establish the violations set out in Counts 1 and 2 of the information.

a) **Count 1, Receipt of Child Pornography**

1. *First*, the defendant knowingly received a visual depiction;

2. *Second*, the visual depiction was received in interstate commerce using a means or facility of interstate or foreign commerce, or in or affecting such commerce by any means, including by computer;

3. *Third*, the visual depiction was child pornography; and

4. *Fourth*, the defendant knew of the sexually explicit nature of the visual depiction and that it was of an actual minor engaged in sexually explicit conduct.

b) **Count 2, Possession of Child Pornography**

1. *First*, the defendant knowingly possessed material that contained one or more visual depictions of child pornography;

2. *Second*, the visual depiction had been mailed or shipped or transported using a means and facility of interstate commerce or foreign commerce, or in or affecting such commerce by any means, including by computer, or was produced using materials

that had been shipped or transported in and affecting such commerce by any means, including by computer;

3. *Third*, the defendant knew of the sexually explicit nature of the visual depiction and that the visual depiction was of an actual minor engaged in sexually explicit conduct; and

4. *Fourth*, the visual depiction involved a prepubescent minor or a minor who had not attained 12 years of age.

5) **Factual Basis for Guilty Plea:** The defendant admits the following facts, that those facts demonstrate the defendant's guilt for the offense to which the defendant is pleading guilty, and that there are no facts establishing a viable defense to that offense:

a) At some point prior to January 22, 2025, in Saratoga County, the defendant used his cellphone (a Samsung Galaxy A03s cellular telephone, model SM-S135DL, IMEI 350963860530356, with the factory number R9WX10JYV5D, 20240128, NULL) (hereinafter "the cellphone") and the internet to receive an 11-second video of a naked prepubescent girl, around 8 to 11 years old, displaying her genitals to the camera and touching her vagina. The defendant knew the video was of a minor engaging in sexually explicit conduct and knowingly possessed it and kept it on his cellphone. On January 22, 2025, in Saratoga County, the defendant sent the same video, with the file name *report~~2025-01-22-05-26-46UTC~~~~1_2cb633fe-0285-55b7-b382-eac630d8ebec_33_0_0~V4.mp4*, to a minor via Snapchat. The defendant knew that the recipient of the video was a minor.

b) On March 10, 2025, the cellphone was seized incident to the defendant's arrest by New York State authorities. The following photographs and videos were found on the

7

cellphone, and the defendant knew that all of these photographs and videos contained depictions of actual minors engaged in sexually explicit conduct and knew that they were on his cellphone:

1. *PART_1734873923636_VID_20241221_234446_454_001.mp4*: a 30-second video of a girl, who is about 8 to 12 years old, kneeling while a man masturbates in front of her face.

2. *PART_1734873979849_VID_20241221_234446_454_002.mp4*: a 30-second video continuing the one listed above.

3. *PART_1734874015393_VID_20241221_234446_454_003.mp4*: a 30-second video continuing the series above. At the end of the video, the man ejaculates on the girl's face and she recoils.

4. *PART_1734990187356_VID_20241222_165816_959.mp4*: a 15-second video of a pubescent girl aged around 10 to 14. A man masturbates and ejaculates on to her face.

5. *PART_1734991069355_7BCEBC82-.3gp*: a 35-second video of a naked pubescent girl, around 11 to 15 years old, on her back being penetrated by a male. The male is choking her with his hand and the girl is clutching his wrist with both hands and attempting to push him away. Her face becomes redder throughout the video.

6. *PART_1735152849273_VID_20241225_090819_477_001.mp4*: a 30-second video and one of a series of seven of the same length depicting the same victim. The video depicts a naked pubescent female, around 12-16 years old, on her knees in a bathroom, masturbating a naked standing male, who is taking the video. The male can

be heard saying "It has to be a 5-minute video" and "He told me the things he wants me to, like, do in the video." The female appears scared and unhappy.

7. *PART_1735152849273_VID_20241225_090819_477_002.mp4*: a 30-second continuation of the video listed above.

8. *PART_1735152849273_VID_20241225_090819_477_003.mp4*: a 30-second continuation of the videos listed above.

9. *PART_1735152849273_VID_20241225_090819_477_004.mp4*: a 30-second continuation of the videos listed above. The male rubs his penis against the female's vagina.

10. *PART_1735152849273_VID_20241225_090819_477_005.mp4*: a 30-second continuation of the videos listed above.

11. *PART_1735152849273_VID_20241225_090819_477_006.mp4*: a 30-second continuation of the videos listed above.

12. *PART_1735152849273_VID_20241225_090819_477_007.mp4*: a 30-second continuation of the videos listed above.

13. *PART_1735153143520_VID_20241225_020308_102.mp4*: a 28-second video in which a female who appears to be between 10 and 16 years old exposes her vagina to the camera and touches it.

14. *-3892784826796607418.0*: an image of a pubescent minor female displaying her vagina.

15. *-6431037067224324312.0*: an image of a pubescent minor female, around 10 to 14 years old, inserting fingers into her vagina.

16. *-721608670041364908*:  an image of a pubescent minor female, around 10 to 14 years old, about to insert an object into her vagina.

c)  The defendant used the cellphone to facilitate the offenses of conviction, in that the defendant knowingly received and stored child pornography on it.  The defendant is the owner of the cellphone, which was manufactured outside of New York.

6)      **Sentencing Stipulations:**

a)  The parties agree that the base offense level is 22 under U.S.S.G. § 2G2.2(a)(2).

b)  The parties agree that the material involved a prepubescent minor or a minor who had not yet attained the age of 12 years, resulting in a 2-level enhancement under U.S.S.G. § 2G2.2(b)(2).

c)  The parties agree that the material was distributed to a minor, resulting in a 5-level enhancement under U.S.S.G. § 2G2.2(b)(3)(C).

d)  The parties agree that the offense involve material that portrays sadistic or masochistic conduct and sexual abuse or exploitation of an infant or toddler, resulting in a 4-level enhancement under U.S.S.G. § 2G2.2(b)(4).

e)  The parties agree that the offense involved use of a computer, resulting in a 2-level enhancement under U.S.S.G. § 2G2.2(b)(6).

f)  The parties agree that the offense involved 600 or more images, resulting in a 5-level enhancement, pursuant to U.S.S.G. § 2G2.2(b)(7)(D).

g)  The government will recommend a 2-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. § 3E1.1(a) if, (i) through the time of sentencing, the government is convinced that the defendant has demonstrated "acceptance of responsibility" for the offense to which the defendant is pleading guilty

and all relevant conduct, as defined in U.S.S.G. § 1B1.3; and (ii) the government does not determine that the defendant, after signing this agreement, committed any other federal, state, or local crimes, or engaged in conduct that constitutes "obstruction of justice," as defined in U.S.S.G. § 3C1.1.

h)  The government will move for a 1-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. § 3E1.1(b) if the government is convinced that the defendant has accepted responsibility within the meaning of U.S.S.G. § 3E1.1(a) and further assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, and the defendant otherwise qualifies for such adjustment by having a combined offense level of 16 or more before receipt of any acceptance of responsibility adjustment under U.S.S.G. § 3E1.1(a).

These stipulations are non-exhaustive.  Both parties retain the right to urge the sentencing Court to find that a particular offense level, criminal history category, ground for departure, or guidelines range applies. Both parties may advocate for the application of guideline provisions other than those to which they have stipulated.

The stipulations do not constitute either party's estimate of what the defendant's total offense level, criminal history category, or guidelines range will be. Even if the stipulations match either party's current expectations of the total offense level, criminal history category, or guidelines range, and even if those expectations have been communicated, both parties remain

11

free to determine for any reason, even based on information already in their possession, that guideline provisions other than those stipulated to also apply and advocate for those provisions.

Under certain circumstances, the defendant's criminal history may affect the defendant's offense level under the federal sentencing guidelines.  Should the presentence investigation reveal prior criminal convictions, or details regarding prior criminal convictions, of which the government lacked actual knowledge at the time it signed this agreement, the parties are not bound by stipulations to guideline provisions affected by the defendant's criminal history and may advocate with respect to how the defendant's criminal history affects the offense level.

7)      **<u>Waiver of Rights to Appeal and Collateral Attack:</u>** The defendant waives (gives up) any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. §§ 2241 and 2255, to appeal and/or to collaterally attack the following:

a)   The conviction resulting from the defendant's guilty plea;

b)   Any term of imprisonment of 190 months or less;

c)   Any sentence to a fine within the maximum permitted by statute;

d)   Any sentence to a term of supervised release within the maximum permitted by statute;

e)   Any condition of supervised release on any ground (including procedural or substantive unreasonableness) that the defendant did not raise in the District Court despite both (i) notice in the presentence investigation report that the Probation Office had recommended the condition and (ii) an opportunity to object in the District Court;

f)   Any order of forfeiture or restitution imposed by the Court that is consistent with governing law and is not contrary to the terms of this agreement; and

g)   Any special assessment permitted by statute.

Nothing in this appeal waiver is meant to be or should be construed as a representation of or agreement concerning the appropriate sentence in this case. The Government and the defendant agree that this waiver applies regardless of whether any term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. If the court imposes a term of imprisonment at or below the number of months specified above, the defendant's waiver of appeal and/or collateral attack includes any claim of procedural or substantive error in the determination or imposition of the term of imprisonment. If the court imposes a term of supervised release and/or a fine within the maximum permitted by statute, the defendant's waiver of appeal and/or collateral attack includes any claim of procedural or substantive error in the determination or imposition of the term of supervised release and/or fine.

The defendant further waives the right to raise on appeal or on collateral review any claim that (a) the statutes to which the defendant is pleading guilty are unconstitutional and (b) the admitted conduct does not fall within the scope of the statutes. The defendant does not waive the right to raise a claim of ineffective assistance of counsel in an appeal or collateral attack on his conviction and sentence.

---

### Additional Plea Agreement Provisions

A. **Right to Counsel:** The defendant has the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding. Defense counsel has advised the defendant of nature of the charges to which the defendant is agreeing to plead guilty and the range of possible sentences.

13

B. **<u>Waiver of Trial-Related Rights:</u>** The defendant has the following additional constitutional rights in connection with the charges in this case: (i) to be presumed innocent until proven guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; (v) to present defense evidence; and (vi) to remain silent and be protected against compelled self-incrimination. The defendant understands that by pleading guilty, the defendant waives (gives up) these rights.

C. **<u>Court Not Bound by Plea Agreement:</u>** This plea agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. The Court is neither a party to, nor bound by this Plea Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the United States Probation Office. If the Court rejects the provisions of this agreement permitting the defendant to plead guilty to certain charges in satisfaction of other charges, the Court will permit the defendant to withdraw the plea of guilty before sentencing, pursuant to Fed. R. Crim. P. 11(c)(5) & (d).

D. **<u>Court Not Bound by Agreed-Upon Recommendations, Stipulations, and Requests:</u>** If this agreement contains any provisions under Fed. R. Crim. P. 11(c)(1)(B) by which the government agrees to recommend, stipulates, or agrees not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the federal sentencing guidelines, or a policy statement, or sentencing factor does or does not apply, such a recommendation, stipulation, or request does not bind the Court, which may make independent factual findings by a preponderance of the evidence and may reject such recommendations, requests, and stipulations between the parties. If the Court rejects one or

more recommendations, stipulations, or requests, the defendant is not entitled to withdraw the defendant's plea of guilty and is not released from the obligations described in this agreement.  Under such circumstances, the government reserves the right to support and defend, in connection with any post-sentencing proceedings, any decision the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations, stipulations, or requests set out in this agreement.

**E.**  **<u>Sentencing:</u>**

1.  **Maximum terms of imprisonment:**  The defendant understands that the Court has discretion to impose a sentence within the statutory maximum sentence(s) set out in this agreement.  If the defendant is pleading guilty to multiple charges, the Court may be required by law to have the sentences of imprisonment on the convictions resulting from those charges run consecutively to each other.  Otherwise, the Court has discretion to have sentences of imprisonment run concurrently or consecutively.  *See* 18 U.S.C. § 3584.

2.  **Mandatory minimum terms of imprisonment:**  If specified in this agreement, the conviction on one or more charges to which the defendant has agreed to plead guilty may require imposition of a mandatory minimum term of imprisonment.  In such cases, the court must impose a term of imprisonment no less than the required mandatory minimum term unless an exception to that requirement applies.  Such exception may be dependent on a motion by the government.

3.  **Section 851 Enhancements**: The defendant understands that if the government has filed an information against the defendant as provided in 21 U.S.C. § 851, alleging that the defendant has one or more final convictions for a felony drug offense, and, as part of this

agreement, the defendant has admitted and/or affirmed that the defendant was so convicted, then, by pleading guilty, the defendant will lose the right to attack any sentence the court imposes by challenging any such prior conviction.

4. **Sentencing guidelines:**

a) The actual sentence to be imposed upon the defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties, as described above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder. While the Court is not bound to impose a sentence within the applicable sentencing guidelines range, it must take into account the sentencing guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

b) This Plea Agreement does not contain an estimate of the defendant's offense level, criminal history category, or sentencing guidelines range. Any estimate of the defendant's offense level, criminal history category, or sentencing guidelines range provided before sentencing is preliminary and is not binding on the parties to this agreement, the Probation Office, or the Court, and any deviation from it for any reason by any party shall not constitute a breach of the plea agreement.

c) Until the Probation Office has fully investigated the defendant's criminal history, it is not possible to predict with certainty the defendant's criminal history category and, in some cases, the defendant's offense level.

5. **Factual findings:** The defendant understands that the sentencing Court may make factual findings with respect to any and all sentencing factors and issues, including those referenced in the United States Sentencing Guidelines, whether or not such factors or

16

issues have been admitted by the defendant or stipulated by the parties. In making those findings by a preponderance of the evidence, the Court may consider any reliable evidence, including hearsay. The Defendant understands that the sentence imposed may be determined based upon such judicial fact-finding.

6. **Use of the Defendant's Statements:** The defendant understands that the sentencing court may consider any statement that the defendant has made or makes in this Plea Agreement, during the guilty plea, to the Probation Office, and at sentencing when imposing sentence. In addition the government may be able to use the defendant's statements in this agreement and at the guilty plea and at sentencing in any criminal, civil, or administrative proceeding. For example, if the defendant fails to enter a guilty plea (as required by this agreement) or the defendant's guilty plea is later withdrawn or vacated for any reason other than the Court's rejection of this Plea Agreement under Fed. R. Crim. P. 11(c)(5), the government may introduce the defendant's statements into evidence in any prosecution. If, however, the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5), and the defendant withdraws the guilty plea pursuant to Fed. R. Crim. P. 11(d)(2)(A), the government will not be permitted to use any of the defendant's statements in this Plea Agreement. To the extent that Rule 11(f) of the Federal Rules of Criminal Procedure and/or Rule 410 of the Federal Rules of Evidence are inconsistent with this paragraph, the defendant waives (gives up) any protections under those rules.

7. **Government's Discretion to Recommend a Sentence:** Unless a stipulation in this agreement explicitly limits the government's discretion with respect to its recommendations at sentencing, this agreement does not prevent the government from recommending a specific sentence within the applicable guidelines range as determined

17

by the Court or as urged by the government; or, if the government deems appropriate, recommending that the Court impose a sentence above the applicable guidelines range.

8. **Sentencing-Related Information:** The government has the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within the count(s) to which the defendant has agreed to plead guilty, subject only to the limitation described in U.S.S.G. §1B1.8. No stipulation in this plea agreement limits the obligations of both parties to ensure that the sentencing Court has all information pertinent to its determination of an appropriate sentence. The parties may provide any factual information relevant to sentencing to the Probation Office and/or to the Court, without limitation, before or after the completion of the Presentence Investigation Report. The parties agree that the submission of such information shall not be deemed "advocacy" in violation of any stipulation in this plea agreement.

9. **Supervised Release Term and Conditions:** If the defendant is placed on supervised release, under some circumstances, including the defendant's violation of one or more supervised release conditions, the Court may extend the term of supervised release, and may modify, reduce, or enlarge the conditions of such release.

F. **Other Adverse Consequences:** The following are some examples of the adverse consequences of pleading guilty other than the sentence imposed by the Court, along with any judicial order of forfeiture and/or restitution:

1. Conviction of a felony may result in the loss of civil rights, including, but not limited to, the right to vote and the right to possess firearms.

2.  If the defendant is not a United States citizen, such conviction may result in deportation or removal from the United States, may bar readmission to the United States if the defendant leaves the country, and may result in a denial of a pending or future application for citizenship.  If the defendant is a naturalized citizen, such conviction may result in denaturalization, followed by deportation or removal from the United States.  Under federal law, removal or deportation may be an almost certain consequence of a conviction for a broad range of federal offenses, including, but not limited to, aggravated felonies, as defined in 8 U.S.C. § 1101(a)(43), and crimes of moral turpitude, which includes crimes involving fraud.  Removal and other immigration consequences are the subject of a separate proceeding.  No one, including the defendant's attorney and the Court, can predict with certainty the effect of the conviction resulting from this agreement on the defendant's immigration status. The defendant understands this uncertainty and nonetheless wishes to plead guilty regardless of any immigration consequences that the guilty plea may entail, even if the consequence is the defendant's automatic removal from the United States.

3.  A felony conviction may adversely affect the defendant's ability to hold certain professional licenses and may impair the defendant's ability to do business with federal, state, and local governments or to receive benefits from such governments.

4.  There may be other adverse consequences as well, some of them unforeseeable.  It may be difficult or impossible to predict all of the adverse consequences of the defendant's guilty plea.  The defendant agrees that any resulting adverse consequences, whether or not foreseen or foreseeable, will not provide a basis for withdrawing from the guilty plea

described in this agreement or otherwise challenging the resulting conviction and sentence.

### G. Restitution:

1. Until all monetary penalties are paid in full, the defendant will be referred to the Treasury Offset Program through the United States Department of Treasury so that any federal payment or transfer of returned property to the defendant will be offset and applied to pay the defendant's unpaid monetary penalties, regardless of the defendant's payment history.

2. The defendant acknowledges and agrees that if the Court imposes a payment schedule for the payment of any criminal monetary penalty, that payment schedule shall be the minimum payment obligation and shall not be the only method or a limitation on the methods available to the United States to enforce the criminal monetary penalty judgment. Any partial restitution payments made by the defendant do not preclude the government from using any other anticipated or unexpected financial gains, assets or income of the defendant to satisfy the restitution obligation.

3. Until restitution is paid in full, the defendant agrees to a voluntary garnishment of twenty-five percent (25%) of all nonexempt net disposable earnings from any employment, without prior demand under the Federal Debt Collection Procedures Act (28 U.S.C. § 3205). To this end, the defendant waives any exceptions under the Consumer Credit Protection Act (15 U.S.C. § 1673).

4. If the defendant is sentenced to any amount of time in prison, he agrees to participate in the Federal Bureau of Prisons Inmate Financial Responsibility Program to the extent that any criminal monetary penalty remains unpaid while he is incarcerated,

regardless of whether the Court specifically directs participation or imposes a schedule of payments.

**H. <u>Forfeiture:</u>** If the defendant has agreed to forfeiture of assets, the defendant agrees to the following terms and conditions:

1.  The defendant hereby forfeits, to the United States, all right, title, and interest of any nature in any and all assets that are subject to forfeiture, including substitute assets, as set forth above, whether those assets are in the possession or control of the defendant, a nominee, or some other third party.

2.  The defendant consents to the entry of an order of forfeiture of the assets described above.

3.  The defendant is aware that pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, a preliminary order of forfeiture becomes final as to a given defendant at sentencing or at any time before sentencing if the defendant consents.  The defendant consents that the preliminary order of forfeiture in this case shall become final as to the defendant before sentencing, as of the date the preliminary order of forfeiture is entered by the Court.  The defendant understands that the government, upon entry of the preliminary order of forfeiture, will address any potential third party claims pursuant to Rule 32.2(c), and seek to finalize forfeiture.

4.  Forfeiture of the defendant's assets will not satisfy all, or any portion of, a fine, restitution, or other monetary penalty that the Court may impose upon the defendant in addition to forfeiture.  Satisfaction of all, or any portion of, any restitution, fine, or other penalty that the Court may impose upon the defendant in addition to forfeiture will not satisfy all, or any portion of, any forfeiture judgment ordered by the Court.

5. In the event that any successful claim is made, by any third party, to the assets described above, the defendant agrees to forfeit substitute assets equal in value to the assets transferred to any such third party.  The defendant agrees that forfeiture of substitute assets shall not be deemed an alteration of the Defendant's sentence.

6. The defendant agrees to cooperate with the United States by taking whatever steps are necessary to pass clear title to the United States of any forfeitable assets, including but not limited to, surrendering title; completing any documents or legal proceedings required to transfer assets to the United States; and taking necessary steps to ensure that assets subject to forfeiture are not sold, disbursed, expended, destroyed, damaged, hidden or otherwise made unavailable for forfeiture or removed beyond the jurisdiction of the Court.

7. The defendant waives the right to a jury trial on the forfeiture of assets.  The defendant waives all constitutional, legal, and equitable defenses to the forfeiture of assets, as provided by this agreement, in any proceeding, including but not limited to any jeopardy defense or claim of double jeopardy or any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of an excessive fine.

8. The defendant acknowledges that the government may institute civil or administrative proceedings against any or all of the defendant's forfeitable assets, including, but not limited to substitute assets and any forfeitable assets not identified by the defendant, and agrees not to contest any such forfeiture proceedings.

9. The defendant represents and warrants that the defendant has no direct or indirect interest in any property, real or personal, or other asset subject to forfeiture by virtue of this plea agreement, other than those listed above.

10. In the event the government determines that the defendant has breached any condition of this plea agreement, none of the forfeited property shall be returned to the defendant, nor shall the defendant assert any claim to the forfeited property. The defendant shall not reacquire any forfeited property, directly or indirectly, through family members, nominees, friends, or associates.

I. **Determination of Financial Condition and Payment of Financial Obligations Ordered by the Court:**

1. If requested, the defendant will provide any privacy waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the defendant's financial disclosures, and if requested will complete a further financial statement provided by the United States Attorney's Office as well as any supporting financial documentation to the Asset Recovery Unit of the United States Attorney's Office no later than 10 days after receiving such a request. The parties agree that the defendant's failure to timely and accurately complete and sign a financial statement, and any update thereto may, in addition to any other penalty or remedy authorized by law, constitute the defendant's failure to accept responsibility under USSG § 3E1.1.

2. The defendant also agrees to provide or consent to the release of the defendant's tax returns for the previous five years. The defendant understands that assets and financial interests subject to disclosure include assets owned or held directly or indirectly, individually or jointly, in which the defendant has any legal interests, regardless of title, including any interest held or owned under any other name, trusts, and/or business entities presently and since date of the first offense giving rise to this Plea Agreement, or giving rise to the charges presently pending against the defendant, whichever is earlier.

3. The defendant understands that 31 U.S.C. § 3711(h)(1) permits the United States to obtain the defendant's credit report after sentencing and expressly authorizes the United States to obtain the defendant's credit report prior to sentencing in this case. The defendant understands that the United States has sole discretion over whether it will obtain defendant's credit report pursuant to this Plea Agreement. If the United States determines that it will obtain defendant's credit report prior to sentencing pursuant to this Plea Agreement, the defendant authorizes the United States, and the United States agrees, to provide a copy to defense counsel upon request.

4. The defendant shall identify all assets valued at more than $3,000 that have been transferred to third parties since the date of the first offense giving rise to this Plea Agreement, including the location of the assets and the identities of third parties to whom they were transferred. The defendant agrees not to transfer any assets valued at more than $3,000 without approval of the Asset Recovery Unit of the United States Attorney's Office until the fine, forfeiture, and restitution ordered by the Court at sentencing are paid in full or otherwise terminated by operation of law. The defendant agrees to take all steps requested by the United States to obtain from any other parties by any lawful means any records of assets contemplated by this paragraph in which the defendant has or had an interest. Until the fine, forfeiture, and restitution ordered by the Court are paid in full or otherwise terminated by operation of law, the defendant agrees to notify the Asset Recovery Unit of the United States Attorney's Office of a change in address within 30 days of such change. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this plea agreement and/or that may be imposed

24

by the Court.  In addition, the defendant promises not to make any such transfers in the future.

5.  No truthful information that the defendant provides pursuant to defendant's obligations under this paragraph will be used in determining the applicable guideline range, except as provided in Section 1B1.8(b).

6.  Nothing in this agreement restricts the Court's or Probation Officer's access to information and records in the possession of the United States.  Furthermore, nothing in this agreement prevents the United States in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action or restitution enforcement action, whether criminal or civil, administrative or judicial.

## J.  **Remedies for Breach:**

1.  Should the government determine that the defendant, after the date the defendant has signed this plea agreement, (i) has committed any further crime or violated any condition of release or supervision imposed by the Court (whether or not charged); (ii) has given false, incomplete, or misleading testimony or information; or (iii) has moved to withdraw the defendant's guilty plea for reasons other than those described in this agreement or otherwise has breached any term or condition of this plea agreement or supplemental agreements with the government, the government will have the right, in its sole discretion, to void this agreement, in whole or in part.  In the event of such breach, the defendant will remain obligated to plead guilty and otherwise comply with the terms of this agreement and will not be permitted to withdraw the defendant's guilty plea under

this agreement.  The defendant will be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to charges that this Office has agreed to dismiss or not to prosecute under this agreement.

2. If the defendant breaches this agreement, the government will have the following remedies, among others, available to it:

a) To bring prosecution for any federal criminal offenses dismissed or not prosecuted under this agreement.  The defendant waives (gives up) any defense or objection to the commencement of any such prosecution that is not time-barred by the applicable statute of limitations as of the date on which the defendant signed this plea agreement, notwithstanding the expiration of the statute of limitations between the signing of the agreement and the commencement of any such prosecution.

b) In connection with any such prosecution, any information, statement, and testimony provided by the defendant, and all leads derived therefrom, may be used against the defendant, without limitation and without regard to any rights the defendant may have under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

c) To utilize any information, statement, or testimony provided by the defendant in any proceeding, including at sentencing, notwithstanding U.S.S.G. §1B1.8;

d) To advocate if, and how, any particular adjustment or specific offense characteristic affects the applicable Sentencing Guidelines range without regard to any contrary stipulations contained in this agreement;

e) To refrain from making any sentencing-related motion favorable to the defendant without regard to any provision in this agreement obligating the government to consider making or make such motion upon fulfillment of certain conditions;

f) To urge the sentencing Court to take the defendant's breach into account when imposing sentence;

g) To recommend any sentence the government deems appropriate, even if such recommendation is at odds with any stipulation in this agreement.

K. **Limitations:** This agreement is between the United States Attorney's Office for the Northern District of New York and the defendant.  References to "the government" in this agreement refer only to that Office.  This agreement does not bind any other federal, state, or local prosecuting authorities.  Furthermore, this agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability, proceedings relating to the forfeiture of assets, and proceedings by the Department of Homeland Security, Bureau of Citizenship and Immigration Services relating to the immigration status of the defendant.

L. **Agreement Must be Signed; Modifications Must be Written or on the Record:** This agreement, to become effective, must be signed by all of the parties listed below.  No promises, agreements, terms, or conditions other than those set forth in this plea agreement will be effective unless memorialized in writing and signed by all parties or confirmed on the record before the Court.

M. **Agreement to Plead Guilty Voluntary:** The defendant acknowledges reading each of the provisions of this plea agreement with the assistance of counsel and understands its provisions.  The defendant further acknowledges that the defendant's agreement to plead

guilty is voluntary and did not result from any force, threat, or promises (other than the

promises in this plea agreement and any written supplemental agreements or amendments).

TODD BLANCHE
Deputy Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

Nicholas Walter
Assistant United States Attorney
Bar Roll No. 706029

3/17/2026
Date

Conner Buskey
Defendant

4/11/26
Date

Paul E. Shelton
Attorney for Defendant
Bar Roll No. 706112

4/1/26
Date

28